Gregory M. Hess (Utah Bar No. 5611)
LaShel Shaw (Utah Bar No. 13862)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, UT 84111
Telephone: 801-532-7840
Facsimile: 801-532-7750
Email: ghess@parrbrown.com
       lshaw@parrbrown.com

Attorneys for Plaintiff Redmond, Incorporated

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| REDMOND, INCORPORATED, a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>WILLOW CREEK SALT, INC., a Utah corporation; and JESSE P. NIELSEN, an individual;<br><br>    Defendants. | Civil Action No._____<br><br>**COMPLAINT:**<br>**Trademark Infringement, Copyright Infringement, and Related Claims**<br><br>(**JURY DEMANDED**) |

Plaintiff Redmond, Incorporated ("Redmond") brings this action against Defendants Willow Creek Salt, Inc. ("Willow Creek") and Jesse P. Nielsen ("Nielsen") for injunctive relief and damages under the trademark and copyright laws of the United States and for further relief under the statutory and common law of the State of Utah as follows:

**JURISDICTION AND VENUE**

1.  This Court has subject matter jurisdiction of this civil action under 28 U.S.C. Section 1331 (federal question) and 28 U.S.C. Section 1338 (copyright and trademarks) in that

Claims 1 through 3 arise under the Lanham Act or Trademark Act (15 U.S.C. Section 1114(1), 15 U.S.C. Section 1125(a), and 15 U.S.C. Section 1125(c)), and Claim 5 arises under the United States Copyright Act (17 U.S.C. Section 106 and 17 U.S.C. Section 501(b)).

2. This Court has supplemental jurisdiction over Claims 4 and 6 under 28 U.S.C. Section 1367(a) because they arise from the same common nucleus of operative facts.

3. Venue is proper under 28 U.S.C. Section 1391(b), because Willow Creek and Nielson reside and/or do business in this District, and a substantial part of the events and/or omissions giving rise to this action occurred in this District.

4. The Court has personal jurisdiction over Willow Creek because it is incorporated and does business in the State of Utah. The Court has personal jurisdiction over Neilson because he is a resident of the State of Utah and operates Willow Creek in the State of Utah.

## PARTIES

5. Plaintiff Redmond is, and at all relevant times was, a corporation duly organized and existing under the laws of the State of Utah. Redmond maintains its principal place of business at 475 West 910 South Heber City, Utah 84032.

6. Defendant Willow Creek is a corporation organized and existing under the laws of the State of Utah. Until February 16, 2017, the Principal Address of Willow Creek listed in the records of the State of Utah Department of Commerce, Division of Corporations and Commercial Code was 3725 E Axtell Rd, Salina, UT 84654. On information and belief, that is the address listed in the lease of the salt and mineral property that Willow Creek mines or intends to mine in Sevier County, Utah. On February 16, 2017, Willow Creek filed a Corporation Registration Information

Change Form with the State of Utah that, among other things, requested that Willow Creek's Principal Address be changed to PO Box 305, 445 N 100 W, Redmond, UT 84652.

7. On information and belief, Defendant Nielson is an individual who is a citizen and resident of the State of Utah. On information and belief, Nielson resides in Redmond, Utah.

### REDMOND'S BUSINESS AND RELATED MATTERS

8. Redmond and its predecessors-in-interest, including Redmond Minerals, Inc. and its founders, have been in the salt and mineral business for around fifty years or longer.

9. Redmond owns the following valid and subsisting U.S. Trademark Registrations on the Principal Register of the U.S. Patent and Trademark Office ("PTO"), among others:

| MARK | NO. | FIRST USE | GOODS & SERVICES |
|---|---|---|---|
| **REDMOND** | 3,421,355 | At least as early as 03/20/1968 | Salt-based agricultural feed products, namely, salt licks, salt used in feed mixing, and salt used in free choice animal feed; sodium bentonite based agricultural feed products, namely, feed additive in the nature of feed-grade sodium bentonite for use as a carrier and pellet binder material in livestock. . . . |
| | | 08/01/2000 | Table salt |
| (REDMOND horse logo) | 3,935,840 | 03/19/2010 | Nutritional supplements for animals, namely, salt licks and mineral licks; and nutritional additives for animal feed, namely, salt, trace minerals, and electrolytes. |
| **REDMOND ROCK** | 3,893,761 | 07/27/2009 | Nutritional supplements for animals, namely, salt licks and mineral licks. |

True and correct copies of these registrations are attached hereto as Exhibits A, B, and C. The above-listed trademarks and trademark registrations will be collectively referred to herein as the "REDMOND Marks" and the "REDMOND Registrations," respectively.

10. Redmond's registrations for the marks REDMOND, REDMOND (and design), and REDMOND ROCK have become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, meaning that it is conclusively presumed in this action that the marks are valid, that Redmond owns them, and that Redmond has the exclusive right to use them in commerce for the listed goods.

11. Since before the date of registration of the REDMOND Marks, the REDMOND Mark has been continuously used in interstate commerce. Indeed, Redmond and its predecessors-in-interest have been using the REDMOND Mark since at least as early as March 20, 1968.

12. Since Redmond's initial use of the REDMOND Marks, Redmond has made a substantial investment in marketing and promoting its products under the REDMOND Marks. Thus, Redmond has used, advertised, and promoted goods and services using its REDMOND Marks, with the result that Redmond's patrons, potential patrons, and the general public have come to know and recognize the REDMOND Marks and associate them with Redmond and its goods.

13. Redmond's marketing and promotional efforts using the REDMOND Marks have included, among other things, trade shows, co-op advertising by retailers, point-of-purchase displays, advertisements in magazines, and social media and other Internet-based advertising.

14. For example, Redmond markets, promotes, and offers its REDMOND brand salt- and mineral-based products and other products on the following websites, among others:

> www.redmondinc.com
> www.redmond.life
> www.redmondagriculture.com
> www.redmondbathsalt.com
> www.redmondequine.com
> www.redmondbentonite.com
> www.redmondclay.com
> www.earthcure.com
> www.realsalt.com

15.     As a result of Redmond's marketing and promotional efforts and wide-spread sales across the United States, the REDMOND Mark shown in U.S. Registration No. 3,421,355 is widely recognized by the general consuming public the United States as a designation of source of goods provided by Redmond. Thus, the REDMOND Mark shown in U.S. Registration No. 3,421,355 has become famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

16.     In addition, Redmond developed an attractive, trifold color brochure to market its products using its REDMOND, REDMOND (and design), and REDMOND ROCK marks (the "Redmond Brochure").  A true and correct copy of that brochure is attached hereto as Exhibit D.

17.     Redmond's owns the copyrights in the Redmond Brochure, and those copyrights have been registered in the U.S. Copyright Office, U.S. Copyright Registration No. VA 2-055-161. A true and correct copy of this copyright registration is attached hereto as Exhibit E.

18.     Redmond also owns the copyrights in various websites, including the website displayed at www.redmondequine.com (the "Redmond Equine Website"), and the copyrights in that website have been registered in the U.S. Copyright Office, U.S. Copyright Registration No. VAu 1-283-217. A true and correct copy of this copyright registration is attached hereto as Exhibit F.

19.     Redmond also owns the copyrights in the website displayed at www.trophyrock.com (the "Trophy Rock Website"), and the copyrights in that website have been registered in the U.S. Copyright Office, U.S. Copyright Registration No. VAu 1-283-214. A true and correct copy of this copyright registration is attached hereto as Exhibit G.

## DEFENDANTS' WRONGFUL CONDUCT

20. Defendant Nielsen incorporated Willow Creek on August 16, 2016, and specified Willow Creek's registered office as 3725 East Axtell Road, Salina, Utah 84654. A true and correct copy of Willow Creek's Articles of Incorporation is attached hereto as Exhibit H.

21. On information and belief, the address 3725 East Axtell Road, Salina, Utah 84654 is the address that is listed on the lease of the salt and mineral mining property that Willow Creek mines or plans to mine for the salt- and mineral-based products that it sells or plans to sell.

22. Willow Creek maintains a website at www.willowcreeksaltco.com (the "Willow Creek Website") which, like Willow Creek itself, is operated under Nielsen's direction.

23. The Willow Creek Website states, in part: "At Willow Creek Salt Company we specialize in mineral licks for wildlife and domestic animals. With a particular emphasis on: ° Hunter Licks (Wild Game) ° Equine  ° Livestock  ° Small animal." A true and correct printout of that portion of the Willow Creek Website is attached hereto as Exhibit I.

24. On a page titled "Product Line," the Willow Creek Website featured a salt lick product called "Big Game Rock," which is said to "attract all big game animals . . . ." A true and correct printout of that portion of the Willow Creek Website is attached hereto as Exhibit J. That page was recently modified to change the product name and add photos, but is otherwise the same.

25. The products identified on the Willow Creek Website are products that do or will compete directly with Redmond's REDMOND and REMOND ROCK brand products.

26. Willow Creek's "Big Game Rock" product, now called "J-Rock Mineral Lick," is inferior in quality to Redmond's Trophy Rock product.

27. Until recently, the Willow Creek business logo that appeared on the Willow Creek Website featured "REDMOND, UT" in block red lettering, while the remainder of the Willow Creek logo was brown and tan in color. A true and correct copy of the "About Us" page of the Willow Creek Website as it appeared on February 20, 2017 is attached hereto as Exhibit K.

28. The Willow Creek Website also contains "Redmond Utah" in its website "meta tags," which are markers that Internet search engines use to locate and index web pages, so that users of the Internet can locate web pages using search terms that are the same as or similar to the meta tags. A true and correct printout of the page source from the Willow Creek Website is attached hereto as Exhibit L, showing in yellow highlight the use of "Redmond Utah" in a meta tag.

29. In addition, until recently, Willow Creek maintained a Facebook page that contained the Willow Creek logo with "REDMOND, UT" in the same block red lettering as the Willow Creek Website. A true and correct printout of the Willow Creek Facebook page as it appeared on February 20, 2017 is attached hereto as Exhibit M.

30. Nielsen and Willow Creek adopted the Willow Creek logo and used "REDMOND, UT" in block red lettering and also placed "Redmond Utah" in the "meta tags" of the Willow Creek Website in a blatant, bad-faith attempt to capitalize and trade on the goodwill and fame that Redmond has built up and owns in the REDMOND Marks and compete unfairly with Redmond.

31. In fact, upon information and belief, this is not the first time that Nielsen has taken aim at another company in an effort to compete unfairly with, and eventually seek to sell his competing company off to, the other company by becoming a proverbial thorn in its side. For example, on information and belief, Nielsen engaged in such conduct against Caterpillar Inc.

32.     Recently, Willow Creek changed the logo on the Willow Creek Website so that the lettering is not red but still contains "REDMOND UTAH" in block lettering, as follows:



33.     Willow Creek also recently changed the Willow Creek logo on the Willow Creek Facebook page to remove the red lettering in the logo, but the Willow Creek logo still prominently features "REDMOND, UT" in block letters. In fact, it is more prominent now than it was when in block red lettering. True and correct screen shots of the Willow Creek Facebook page as it appeared on August 11, 2017 are attached hereto as <u>Exhibit N</u>. The Willow Creek Facebook page also contains the phrase "Agriculture in Redmond, Utah."

34.     Nielsen and Willow Creek took these actions in response to Redmond's demand that they stop using "Redmond," but Defendants did not cease using "Redmond."

35.     Nielson and Willow Creek are still using "Redmond" in the Willow Creek logo, on the Willow Creek Website, and in the "meta tags" of the Willow Creek Website in a bad-faith attempt to trade on the goodwill and fame of the REDMOND Marks, and their efforts to paint these actions as a legitimate use of a geographical reference is a subterfuge.

36.     Redmond never authorized Nielsen or Willow Creek to use any of the REDMOND Marks or otherwise trade on the goodwill and fame of the Redmond name.

37. In addition, during the week of December 12, 2016, a Willow Creek employee named Ed Scott ("Scott") visited Redmond's office. Scott claimed to be associated with a scout group in the community and asked for some literature on Redmond's products.

38. Scott collected some Redmond brochures, and Redmond's employees told him he could also check Redmond's websites for more information. When Redmond's employees asked Scott some questions about his scout troop, however, including how many scouts he had, he admitted that he wasn't really associated with a scout troop and that he worked for Willow Creek.

39. Willow Creek then proceeded to create a brochure (the "Willow Creek Brochure") that copied the layout, look and feel, some of the text, and other elements of the Redmond Brochure. Attached hereto as Exhibit O are top and bottom comparisons of the two sides of the Redmond Brochure and the Willow Creek Brochure.

40. The Willow Creek Brochure creates an infringing copy of, and/or a derivative work of, copyright protected elements of the Redmond Brochure.

41. Willow Creek then proceeded to distribute copies of the Willow Creek Brochure.

42. Redmond never authorized Willow Creek or Nielsen to use, reproduce, publicly display, distribute, and/or prepare derivative works of the Redmond Brochure.

43. In addition, in creating the Willow Creek Website, Willow Creek copied some of the text of the Redmond Equine Website and also Redmond's Trophy Rock website found at www.trophyrock.com. Attached hereto as Exhibit P is a comparison of the copied text.

44. Redmond has never authorized any of the Defendants to use, reproduce, publicly display, distribute, and/or prepare derivative works of any Redmond website.

45. On information and belief, Willow Creek has made false statements to vendors about its products. For example, Willow Creek told a vendor that for many years Willow Creek was the sole supplier to Redmond for its product called Trophy Rock and that only recently did Redmond decide to cut Willow Creek off and supply its own Rock, which was the reason that Willow Creek had started to go direct to merchants.

46. Those statements were false when made, Willow Creek knew they were false when made, and they were made to suggest that Willow Creek's inferior product was the same or as good as Redmond's superior product, all in an effort to get vendors to sell Willow Creek's product.

47. In addition, on information and belief, Willow Creek's inferior products have been placed in a Redmond Trophy Rock display, which falsely trades on Redmond's goodwill and, because of the inferior quality of Willow Creek's product, damages Redmond's brand.

48. On information and belief, Nielsen was personally involved in some or all of the wrongful conduct specified herein and/or knew about and had the responsibility and ability to prevent such wrongful and failed to do so. Defendant Nielsen is therefore personally liable.

49. Redmond has suffered damages and/or Defendants have earned illegal benefits, in an amount to be proven at trial, as the result of the aforementioned acts.

50. Defendants have used the REDMOND Marks or counterfeits or copies of the REDMOND Marks or other marks confusingly similar to one or more of the REDMOND Marks, and Defendants' acts are the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests and knowing and reckless indifference toward, and a disregard of, the rights of others. Redmond is therefore entitled to recover punitive damages from the Defendants, under Utah Code Ann. § 78B-8-201, in amounts to be determined at trial.

51. In addition, unless enjoined by this Court, Defendants' conduct will cause Redmond irreparable harm, for which Redmond has no adequate remedy at law.

## FIRST CLAIM
### (Infringement of Redmond's Registered Trademarks
### 15 U.S.C. §§ 1114(1), 1116, and 1117)

52. Redmond realleges and incorporates by reference herein paragraphs 1 through 46, inclusive, as if fully set forth herein.

53. By reason of the foregoing, Redmond hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. Sections 1114(1), 1116, and 1117 with respect to Defendants' infringement of the REDMOND Marks.

## SECOND CLAIM
### (Federal Unfair Competition/False Designation
### of Origin/False Advertising – 15 U.S.C. § 1125(a))

54. Redmond realleges and incorporates by reference herein the foregoing paragraphs, inclusive, each as fully set forth herein.

55. By reason of the foregoing, Redmond hereby asserts a claim against Defendants for injunctive and monetary relief for false advertising, false designation of origin, and/or unfair competition, pursuant to 15 U.S.C. Sections 1116, 1117, and 1125(a).

## THIRD CLAIM
### (Trademark Dilution)

56. Redmond realleges and incorporates by reference herein the foregoing paragraphs, inclusive, each as fully set forth herein.

57. Defendants' uses of "REDMOND" on the Willow Creek Website, on the Willow Creek Facebook page, and in the Willow Creek Brochure dilutes the distinctive quality of the

famous REDMOND Mark protected by U.S. Registration No. 3,421,355 and therefore dilutes Redmond's famous REDMOND Mark by blurring.

58. In addition, on information and belief, the salt contained in the mine that Willow Creek mines and/or plans to mine is inferior in quality to the salt contain in Redmond's mine.

59. Defendants' uses of "REDMOND" on the Willow Creek Website, on the Willow Creek Facebook page, and in the Willow Creek Brochure in connection with an inferior salt will dilute the distinctive quality of the famous REDMOND Mark by tarnishment.

60. By reason of the foregoing, Redmond asserts a claim against the Defendants for injunctive and/or monetary relief for dilution of the REDMOND Mark protected by U.S. Registration No. 3,421,355, by blurring and/or tarnishment, pursuant to 15 U.S.C. Section 1125(c).

## FOURTH CLAIM
### (Common Law Trademark Infringement)

61. Redmond realleges and incorporates by reference herein the foregoing paragraphs, inclusive, each as fully set forth herein.

62. By reason of the foregoing, Redmond hereby asserts a claim against the Defendants for injunctive and monetary relief for trademark infringement under the common law.

## FIFTH CLAIM
### (Copyright Infringement)

63. Redmond realleges and incorporates by reference herein the foregoing paragraphs, as if fully set forth herein.

64. By reason of the foregoing, Redmond hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 17 U.S.C. Section 501 for infringement of Redmond's copyrights in the Redmond Brochure, the Redmond Equine Website, and the Trophy Rock Website.

### SIXTH CLAIM
### (Utah Deceptive and Unfair Trade Practices Act)

65. Redmond realleges and incorporates by reference herein the foregoing paragraphs, inclusive, each as fully set forth herein.

66. Defendants' conduct constitutes a deceptive trade practice and/or deceptive or misleading advertising practice in violation of the Utah Deceptive and Unfair Trade Practices Act Utah Code Ann. § 13-11a-1 et seq..

67. On February 7, 2017, Redmond sent to Willow Creek a notice of violation under Utah Code Ann. § 13-11a-4(5) and informed Defendants they had ten (10) days to take corrective action after the receipt of the letter. A true and correct copy of the notice is attached as Exhibit Q.

68. Despite this notice, Willow Creek failed to take all of the actions necessary to remedy the deceptive nature of the Willow Creek website.

69. Defendant Nielsen participated in, directed, or knew about and failed to take the corrective actions required by the Utah Deceptive and Unfair Trade Practices Act.

70. By reason of the foregoing, Redmond is entitled to an injunction against Defendants requiring them to correct the deceptive nature of the Website, as well as an award of damages, costs, and attorneys' fees, under Utah Code Ann. § 13-11a-4(2).

### **PRAYER FOR RELIEF**

WHEREFORE, Redmond prays that judgment be entered in its favor against Defendants Willow Creek and Nielsen jointly and severally as follows:

A. Enjoining Defendants, and those acting in concert with them, from infringing the REDMOND Marks, Registered Trademark Nos. 3,421,355, 3,935,840, 3,893,761, 4,121,609, including without limitation removing "Redmond" from the Willow Creek logo, the Willow Creek

Website, including without limitation the website "meta tags," and the Website Facebook page;

      B.      Requiring Defendants to pay to Redmond, in accordance with 15 U.S.C. Section 1117, treble damages and attorneys' fees on claims asserted pursuant to 15 U.S.C. Sections 1114(1);

      C.      Requiring Defendants to account for and pay to Redmond, in accordance with 15 U.S.C. Section 1117, treble damages on claims asserted pursuant to 15 U.S.C. Section 1125(a);

      D.      Enjoining Defendants, and those acting in concert with them, from using, displaying, reproducing, distributing, and creating derivative works from the Redmond Brochure;

      E.      Ordering the impoundment and destruction of all means of Defendants' improper reproduction of the Redmond Brochure, in accordance with 17 U.S.C. Section 503(a)(1)(B), including without limitation impounding and destroying all computer hard drives and other devices in Defendants' possession or control that contain any electronic copy of the Willow Creek Brochure;

      F.      Enjoining Defendants, and those acting in concert with them, from using, displaying, reproducing, distributing, and creating derivative works from the Redmond Equine Website, including without limitation all infringing material on the Willow Creek Website;

      G.      Ordering the impoundment and destruction of all means of Defendants' improper reproduction of the Redmond Equine Website, in accordance with 17 U.S.C. Section 503(a)(1)(B), including without limitation impounding and destroying all computer hard drives and other devices in Defendants' possession or control that contain any infringing material copied from that website;

      H.      Enjoining Defendants, and those acting in concert with them, from using, displaying, reproducing, distributing, and creating derivative works from the Trophy Rock Website, including without limitation all infringing material on the Willow Creek Website;

I. Ordering the impoundment and destruction of all means of Defendants' improper reproduction of the Trophy Rock Website, in accordance with 17 U.S.C. Section 503(a)(1)(B), including without limitation impounding and destroying all computer hard drives and other devices in Defendants' possession or control that contain any infringing material copied from that website;

J. Awarding Redmond damages and/or Defendants' profits in amounts to be determined at trial, plus any additional amounts the Court deems just under the circumstances;

K. Awarding Redmond punitive damages against Defendants pursuant to Utah Code Ann. § 78B-8-201, in amounts to be determined at trial;

L. Requiring Defendants to promulgate corrective advertising in the form and media determined by the Court after trial;

M. Ordering Defendants to file with the Court and serve upon Redmond's attorneys, within 10 days after service of judgment with notice of entry thereof upon it, a written report under oath setting forth in detail the manner in which Defendants has complied with paragraph J above;

N. Awarding Redmond prejudgment interest at the rate established under 26 U.S.C. Section 6621(a)(2) from the date of service of this complaint through the date judgment for Redmond is entered against Defendants;

O. Awarding Redmond costs and attorneys' fees, as appropriate; and

P. Awarding Redmond such further and/or other relief in favor of Redmond as to the Court may seem just and proper.

## JURY DEMAND

Redmond hereby demands a trial by jury on all issues triable to a jury as a matter of right.

DATED August 21, 2017  PARR BROWN GEE & LOVELESS, P.C.

*/s/ Gregory M. Hess*
_____
Gregory M. Hess
Attorneys for Plaintiff Redmond, Incorporated