THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| REDMOND, INCORPORATED, a Utah corporation | ) | Case No. 2:17CV00943 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION |
| WILLOW CREEK SALT, INC., a Utah corporation; and JESSE P. NIELSEN, an individual; | ) ) ) | |
| Defendants. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

This case arises from a claim of copyright and trademark infringement, false advertising, trademark dilution and violations of the Utah Deceptive and Unfair Trade Practices Act. There are two motions before the court: Plaintiff's Motion for Partial Dismissal of Counterclaims filed on November 30, 2017 and Defendants' Motion for Summary Judgment filed on January 2, 2018. Plaintiff is claiming that the second, third, fifth, and sixth counterclaims fail and should be dismissed. Defendants' summary judgment motion seeks dismissal of Plaintiff's complaint stating they are not in violation of any of Plaintiff's trademarks or protected copyrights.

**BACKGROUND**

Utah has an extensive rock-salt formation in Sanpete and Sevier Counties. The open-cut salt mines near Redmond, Utah have produced rock salt on a commercial basis for many years. Plaintiff Redmond Inc. ("Redmond") and its predecessors in interest have been in the salt and mineral business for fifty years. Redmond owns the registered trademark "REDMOND" on the

Principal Register of the U.S. Patent and Trademark Office for various salt-based agricultural feed products, nutritional supplements for animals and table salt. Defendant Willow Creek ("Willow Creek") is a corporation organized and existing under the laws of the State of Utah, and states its principal place of business is in Redmond, Utah. Defendants developed a website, business cards, and advertisements containing information which included a logo for Willow Creek Salt Co., which had "REDMOND, UT" in red lettering beneath it. After Redmond complained of the similarity to their alleged Trademark, Willow Creek changed the coloring of the lettering to tan. Willow Creek states they are only demonstrating the geographic location and origin of their business and products. Redmond objects to Willow Creek's use of "Redmond" in any capacity under their logos and on their website.

## MOTION FOR PARTIAL DISMISSAL OF CLAIMS

Redmond filed a motion for an order dismissing the second, third, fifth and sixth counterclaims filed by Willow Creek against Redmond pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. Willow Creek has voluntarily withdrawn its sixth counterclaim. Redmond claims that Willow Creek has failed to set forth actionable facts to support each claim.

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (Quoting *Twombly*, 550 U.S. at 557).

Willow Creek alleges in its second counterclaim that Redmond has engaged in "naked licensing" practices and thus abandoned any valid trademark. This court finds that Willow Creek has plead sufficient facts to overcome a motion to dismiss and that genuine questions of fact exist as to this claim.

In counterclaim three, Willow Creek alleges that Redmond has engaged in unfair competition and false advertising under the Lanham Act § 43(a). This court finds that there are sufficient facts alleged to overcome a motion to dismiss but that there are additional facts alleged in their response. The court therefore grants Willow Creek leave to amend its counterclaim to include additional facts that are alleged.

Willow Creek's fifth counterclaim is for declaratory judgment of invalidity and unenforceability of copyrights. This court finds that there are not sufficient facts alleged to show any invalidity or unenforceability of copyrights and therefore also grants Willow Creek leave to amend its fifth counterclaim or voluntarily withdraw it.

**MOTION FOR SUMMARY JUDGMENT**

Defendants have filed a motion for summary judgment seeking dismissal of Plaintiff's Complaint arguing that their use of "Redmond" and all associated references thereto is a protected geographic exception to any alleged Trademark violation and that their business and advertising materials do not infringe on any protected copyright. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Given the state of the case and that discovery has yet to be conducted, the summary judgment motion is denied as premature

to allow discovery with leave for the parties to file additional motions as deemed appropriate at a later time.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Dismissal of Counterclaims is *denied* and the court grants Defendants 30 days to amend its third and fifth counterclaims as stated above and Defendants' Motion for Summary Judgment is *denied* as being premature.

SO ORDERED.

DATED this _____26th_____ day of _____April_____, 2018.

BY THE COURT:

_____
DAVID SAM

SENIOR JUDGE
U.S. DISTRICT COURT